IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


PHYLLIS O. MURRAY,

    Plaintiff,

vs.                                                  CASE NO. 1:06CV115-MP/AK

**MICHAEL J. ASTRUE,**[1]
**Commissioner of Social Security**

    **Defendant.**

                                                /

### REPORT AND RECOMMENDATION

This action is brought pursuant to 42 U.S.C. § 405(g) of the Social Security Act (Act) for review of a final determination of the Commissioner of Social Security (Commissioner) denying Plaintiff's applications for disability insurance benefits (DIB) filed under Title II of the Act and supplemental security income benefits (SSI) filed under Title XVI of the Act.

Upon review of the record, the Court concludes that the findings of fact and determinations of the Commissioner are supported by substantial evidence; thus, the decision of the Commissioner should be affirmed.

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted, therefore, as the Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. §405(g).

A.    **PROCEDURAL HISTORY**

Plaintiff filed applications for DIB and SSI on July 8, 2002, alleging a disability onset date of June 29, 2002, because of coronary artery disease, residuals from a heart attack, antiphropilipid and Lupus. Plaintiff petitioned for a hearing before an administrative law judge (ALJ), who conducted a hearing on May 11, 2004, and entered an unfavorable decision on December 20, 2004. The Appeals Council denied Plaintiff's request for review, thus making the decision of the ALJ the final decision of the Commissioner. This action followed.

B.    **FINDINGS OF THE ALJ**

The ALJ found that Plaintiff's coronary artery disease, antiphropilipid antibody syndrome, hyperlipidemia, and a history of gastroesophageal reflux disease are severe impairments, but do not meet the requirements of any listings. (R. 27). The ALJ also found that her allegations of pain and limitation were not entirely credible, that she was capable of performing light work, which did not preclude her past relevant work, and she was therefore not disabled. (R. 28).

C.    **ISSUES PRESENTED**

Plaintiff argues that the ALJ did not have substantial evidence to support his finding that she could perform her past relevant work as a computer operator, truck driver, personnel manager, data entry clerk, and manager of computer operations.

The government responds that substantial evidence supports the ALJ's findings because the evidence supported that she was frequently non-compliant with her

**No. 1:06CV115-MMP/AK**

prescribed treatment, did not seek consistent treatment for pain, did not take potent pain medication, and she continued to smoke despite her doctor's advice to stop. The ALJ found that she was capable of a wide range of light work based on Plaintiff's reported daily activities, the consultative examination, and the findings of several state agency medical consultants. None of Plaintiff's treating sources had noted any limitations or provided any physical assessments. The ALJ utilized the testimony of a vocational expert to determine whether her current RFC compromised her ability to perform her past relevant work and the expert found that it did not.

The issue thus presented is whether the Commissioner's decision that Claimant is not disabled is supported by substantial evidence in the record and decided by proper legal standards.

## D. STANDARD OF REVIEW

Title 42 U.S.C. § 405(g) sets forth the standard of review for this court. The Commissioner's decision must be affirmed if it is supported by substantial evidence and the correct legal standards have been applied. Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997). Findings of fact by the Commissioner which are supported by substantial evidence are conclusive. 42 U.S.C. § 405(g). Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). "Substantial evidence" has been defined to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citation omitted) (per curiam). It is more than a scintilla, but less than a preponderance. Bloodsworth v. Heckler, 703

F.2d 1233, 1239 (11th Cir. 1983) (citations omitted).  The court may not reweigh the evidence or substitute its judgment for that of the Commissioner.  Wolfe v. Chater, 86 F.3d 1072, 1076 (11th Cir. 1996).  It must determine only if substantial evidence supports the findings of the Commissioner.  See Bridges v. Bowen, 815 F.2d 622, 624 (11th Cir. 1987) (per curiam).  Even if substantial evidence exists which is contrary to the Commissioner's findings, where there is substantially supportive evidence of the Commissioner's findings, the court cannot overturn them.  Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991).  Unlike the deferential review accorded to the Commissioner's findings of fact, his conclusions of law are not presumed valid.  Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (citations omitted).  The Commissioner's failure to apply correct legal standards or to provide the reviewing court with an adequate basis for it to determine whether proper legal principles have been observed requires reversal.  Id. (citations omitted).

      A disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).  To qualify as a disability the physical or mental impairment must be so severe that claimant is not only unable to do his previous work, "but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ."  42 U.S.C. § 423(d)(2)(A).

**No. 1:06CV115-MMP/AK**

Pursuant to 20 C.F.R. § 404.1520(a)-(f), the Commissioner analyzes a claim in five steps:

1. Is the individual currently engaged in substantial gainful activity?

2. Does the individual have any severe impairment?

3. Does the individual have any severe impairments that meet or equal those listed in Appendix 1 of 20 C.F.R. Part 404?

4. Does the individual have any impairments which prevent past relevant work?

5. Do the individual's impairments prevent any other work?

A finding of disability or no disability at any step renders further evaluation unnecessary. Plaintiff bears the burden of establishing a severe impairment that keeps him from performing his past work. If Plaintiff establishes that his impairment keeps him from his past work, the burden shifts to the Commissioner at step five to show the existence of other jobs in the national economy which, given Plaintiff's impairments, Plaintiff can perform. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986); MacGregor v. Bowen, 786 F.2d 1050, 1052 (11th Cir. 1986). If the Commissioner carries this burden, Plaintiff must prove that he cannot perform the work suggested by the Commissioner. Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987). It is within the district court's discretion to affirm, modify, or reverse a Commissioner's final decision with or without remand. 42 U.S.C. § 405(g); Myers v. Sullivan, 916 F.2d 659, 676 (11th Cir. 1990).

**No. 1:06CV115-MMP/AK**

E. **SUMMARY OF CLAIMANT'S RELEVANT MEDICAL HISTORY**

Records from Shands show that Plaintiff had two myocardial infarctions in 1999 from suspected cocaine abuse. (R. 214-215). She was treated with medications and diagnosed with mild to moderate coronary artery disease. (198-199). She was told to quit smoking. (R. 249). Although she presented to the emergency room with chest pains on at least two occasions, the pain was determined to be non-cardiac in nature. (R. 198-199, 257). She was limited to non-strenuous activity, but no other restrictions were noted during any of her hospital admissions or included in her treatment notes. Several times she was noted to be off her medications. (R. 250, 271). Dr. Robert Greenberg performed a consultative examination upon her on November 8, 2002, and found no clinical signs of heart failure. (R. 144-146). He, too, was of the opinion that she should not do strenuous activity, but noted no other restrictions.

The most recent medical records of May 2005, which were submitted to the Appeals Council and not before the ALJ, show that she was again non-compliant with her medication, continued to smoke, and was told that "the bulk of her risk is her lifestyle including her noncompliance with medications, obesity, not exercising and continued tobacco abuse." (R. 11). A radiology report showed "no...evidence of acute cardiopulmonary disease." (R. 13).

Two Residual Functional Capacity Assessments are in the record from state agency physicians dated November 21, 2002, and January 30, 2003, which both express the opinion that Plaintiff is capable of light work. (R. 147-154, 216-225).

**No. 1:06CV115-MMP/AK**

## F. SUMMARY OF THE ADMINISTRATIVE HEARING (May 11, 2004)

Plaintiff was born in 1951, completed high school and computer training. (R. 294). Her last job was a computer operator at Shands where she sat for six hours a day and was required to lift 75 pounds of paper every 30 minutes or so to use with the computer. (R. 297). Prior to this job she was a truck driver for five or six years which involved lifting 40 to 70 pounds. (R. 298). Before that she was a computer manager for four or five years supervising about 80 people, which involved mostly standing and walking, but no lifting. (R. 300). Prior to that job, she was a computer data entry manager for a company that planned luxury vacations, which also involved supervising about 20 people and sitting five or six hours a day and lifting computer paper every 30 minutes or so. (R. 302). Plaintiff states that she cannot work because she is in the hospital constantly and is weak with swelling and blood clots that require weekly evaluation. (R. 305). Dr. Gloria treats her nearly every month for these problems. (R. 306). She has blood drawn every Thursday by a pharmacist. (R. 307). Her lupus is the kind that never goes into remission and causes constant clotting. (R. 308). The lupus also causes her to feel like her bones are breaking and her muscles do not work. (R. 309). She lives with her ten year old granddaughter and does most of the cooking and cleaning around the house. (R. 314). She claims to have quit smoking a year prior to the hearing. (R. 322). The blood clots are her primary problem and they prevent her from walking, they make her skin feverish and her bones sound like they are cracking and keep her in constant pain. (R. 323).

**No. 1:06CV115-MMP/AK**

In response to a hypothetical posing a person 52 years old, able to sit for six hours, stand up to six hours, lift 20 pounds occasionally, no climbing, working at heights or around dangerous machinery, the vocational expert testified that she could perform her past relevant work as it was performed in the national economy except for the truck driver. (R. 332-333). The computer jobs she described are usually sedentary, but she could not perform them as she described them with the heavy lifting of paper every half hour. (R. 333). The expert also identified other jobs which Plaintiff could perform such as directory assistance operator, telemarketer, and dispatcher. (R. 335-336).

**G.    DISCUSSION**

Plaintiff has come forward with no medical evidence to support her contentions of pain and limitation so as to preclude her from sedentary or light work. None of her treating physicians have limited her from anything but strenuous activity, and the objective medical tests show that her heart condition is stable, except when she is non-compliant with her medications. The ALJ can properly disregard her complaints when compliance with medication would remedy her ailments. See Dawkins v. Bowen, 848 F.2d 1211, 1213 (11th Cir. 1988) *quoting* Lovelace v. Bowen, 813 F.2d 55, 59 (5th Cir. 1987) ("A medical condition that can reasonably be remedied either by surgery, treatment, or medication is not disabling."). Although the records submitted at the Appeals Council were not before the ALJ for consideration, they are highly supportive of the ALJ's decision, especially that Plaintiff's lifestyle is determinative of the severity and

**No. 1:06CV115-MMP/AK**

impact of her condition on her functional abilities.  Consequently, there is more than substantial evidence to support the ALJ's decision.

Accordingly, it is respectfully **RECOMMENDED**:

That the decision of the Commissioner denying benefits be **AFFIRMED**.

At Gainesville, Florida, this  *7*<sup>th</sup>  day of September, 2007.

          *s/ A. KORNBLUM*
          **ALLAN KORNBLUM**
          **UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 1:06CV115-MMP/AK**